Brooke D. Hagara, WSBA #35566
Hagara Law PLLC
1410 N. Mullan Rd. Ste. 207
Spokane Valley, WA  99206
Phone: (509) 290-6520
Email: brooke@hagaralaw.com

Attorney for Defendant Raymond Pfluger

HONORABLE THOMAS O. RICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>RAYMOND JOHN PFLUGER,<br><br>     Defendant. | NO. 2:22-CR-00666-TOR-1<br><br>DEFENDANT PFLUGER'S<br>SENTENCING MEMORANDUM |

Defendant Raymond Pfluger, by and through his attorney, Brooke D. Hagara, of Hagara Law, PLLC, hereby submits his Sentencing Memorandum.

## I. Introduction

The defense has reviewed the Presentence Report in this matter and resolved any objections. For the reasons stated herein and at the time of

HAGARA LAW, PLLC
1410 N. MULLAN RD., SUITE 207
SPOKANE VALLEY, WA 99206   (509) 290-6540

sentencing, Mr. Pfluger respectfully requests that the Court utilize its discretion to depart from the sentencing guidelines and sentence him below the guideline range. A departure is warranted either pursuant to USSG § 5H1.3 Mental and Emotional Conditions, or pursuant to 18 U.S.C. § 3553(a) as a variance.

## I.    <u>18 U.S.C. § 3553(a)</u>

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a).  Section 3553(a) provides, in pertinent part:

> The court shall impose a sentence <u>sufficient but not greater than necessary</u> to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
>
> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>     a.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     b.    to afford adequate deterrence to criminal conduct;
>     c.    to protect the public from further crimes of the defendant; and
>     d.    to provide the defendant with needed educational or vocational training, medical care, or other

correctional treatment in the most effective manner;
(3)    the kinds of sentences available…

(Emphasis added.)

Although the sentencing court must also consider the sentencing guidelines, it must not give more weight to the sentencing guidelines than to § 3553(a). *U.S. v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006). Moreover, if the sentencing court treats a guidelines range as the presumptive sentence, the court "will commit legal error by misapplying § 3553(a)." *Id.* at 1170.

The sentencing court's "task is to attempt to find the most reasonable sentence for [the particular defendant] within the territory of all possible reasonable sentences." *Id.* Sentencing is not mechanical, but rather a "difficult art." *U.S. v. Diaz-Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006). It is "an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.*

a.    **Nature and circumstances of the offense and the history and characteristics of the defendant**

Mr. Pfluger's chaotic early life was marked by abuse, substance use, mental illness, and lack of stability. This consistent childhood trauma and Mr.

Pfluger's own struggles with mental illness and substance abuse have shaped the 41-year-old man now standing before the court for sentencing on a drug offense.

Mr. Pfluger was born without the ability to hear properly, requiring surgery. Mr. Pfluger's mother and father divorced when he was six months old, and he had no contact with his father growing up. Throughout his childhood, Mr. Pfluger bounced back and forth between his maternal grandparents. Both his grandparents were strict and controlling, verbally and emotionally abusive. His grandfather was drunk most of the time. His maternal uncles physically abused him.

Mr. Pfluger's mother was a drug addict who physically abused him and used crack cocaine throughout his childhood. Both of Mr. Pfluger's parents have been diagnosed with mental illness: bipolar and/or schizophrenia.

At 10, Mr. Pfluger was diagnosed with mental illness and prescribed medication. Mr. Pfluger's drug use began at about the same time, with the use of marijuana and LSD.

At 11, Mr. Pfluger was sexually abused by one of his mother's acquaintances. At 12, he started using crack cocaine with his family members. At

the same age, Mr. Pfluger slit his wrists. He used cocaine daily until he was 15, then stopped until his early 20s. Although Mr. Pfluger attended high school through his junior year, he dropped out when he turned 18, later obtaining his GED.

Mr. Pfluger's struggle with mental illness and substance use continued into his adulthood, up through his arrest and return to custody in the current case. While enlisted in the U.S. Army, he was diagnosed with bipolar, manic-depressive disorder, and schizoaffective disorder. He has been hospitalized eight or nine times and attempted suicide twice. He has many times, spurred by his addiction, considered suicide by consumption of pills. Most recently, he received mental health services from Christopher Korsgaard, a psychologist in Spokane. Other than a 30-day inpatient program while this case was pending, Mr. Pfluger has never received substance abuse treatment. He is anxious to participate in co-occurring treatment for both substance abuse and mental health issues.

**b.    A sentence addressing Mr. Pfluger's substance and mental health issues will protect the public and provide Mr. Pfluger with necessary rehabilitation**

Mr. Pfluger's criminal conduct stems from longstanding mental health and

substance abuse issues. A program of sufficient length and depth addressing both of those issues will put both Mr. Pfluger in the best position to be successful in the community upon his release and protect that community when he again becomes part of it.

The longest sentence Mr. Pfluger has ever served was 36 months, when he was 23 years old. A prison sentence will have a deterrent effect on Mr. Pfluger's criminal behavior, but the most fitting sentence that will be one that balances deterrence with his significant need for mental health and substance abuse treatment.

### c.    Departure from sentencing guidelines range

Mr. Pfluger's significant history and struggle with mental illness (USSG § 5H1.3 Mental and Emotional Conditions) support a downward departure. Under USSG § 5H1.3, mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from typical cases covered by the guidelines.

Mr. Pfluger's diagnosis at age 10, suicide attempt at age 12, and

numerous hospitalizations over the course of his life, in addition to the mental illness of family members, in combination with the physical, sexual, and emotional abuse and struggle with substance abuse all combine to make Mr. Pfluger's situation distinguishable from other cases covered by the guidelines.

Alternatively, pursuant to 18 U.S.C. § 3553(a), when taking into consideration Mr. Pfluger's history and characteristics, the court can impose a sentence below the guidelines range as a variance.  A sentence below the guideline range is sufficient, but not greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a).

Accordingly, Mr. Pfluger respectfully requests that the Court exercise its discretion and sentence him a sentence below the applicable guideline range.

RESPECTFULLY SUBMITTED this 25th day of April, 2023.

Hagara Law, PLLC


  /s/ Brooke Diane Hagara
Brooke D. Hagara, WSBA #35566
Attorney for Defendant Raymond Pfluger

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 25th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Patrick Cashman, Assistant United States Attorney, through the CM/ECF system.

   /s/ Brooke Diane Hagara
Brooke D. Hagara

HAGARA LAW, PLLC
1410 N. MULLAN RD., SUITE 207
SPOKANE VALLEY, WA 99206   (509) 290-6540